# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 1:16CR337-1 |
| OLANDER RAYMOND RICHARDSON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release, (ECF No. 56), and his Supplement to his Motion for Compassionate Release which includes a request for appointment of counsel, (ECF No. 74), and his documents filed in support. (ECF Nos. 75, 77, and 78.) The Government filed a Response opposing Defendant's motion with documents in support. (ECF Nos. 64, 65.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion for Compassionate Release, (ECF No. 56), and his Supplement to his Motion for Compassionate Release, (ECF No. 74), will be denied.

I. BACKGROUND

Defendant pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1] (ECF No. 30 at 1.) Defendant was determined to be a career offender, and after receiving an adjustment for acceptance of responsibility, faced a sentencing guideline range of 151 to 188 months imprisonment. (ECF No. 25, ¶¶ 23-26, 98.) On June 2, 2017, Defendant, was sentenced to 160 months imprisonment. (ECF No. 30 at 2; ECF No. 37 at 20.) Defendant was 28 years old at the time of sentencing, is currently 36 years old, and his projected release date is April 12, 2028.[2]

II. ARGUMENTS OF THE PARTIES

In his Motion for Compassionate Release Defendant requests a reduction in sentence referencing changes in the law on intent and citing to *Rehaif v. United States*, 588 U.S. 225 (2019). Further, Defendant argues he is entitled to relief under the First Step Act and the Fair Sentencing Act. (ECF No. 56 at 1-3.) In addition, Defendant cites to numerous chronic medical conditions and the risk from Covid-19. In the Supplement to his motion, Defendant re-asserts his prior arguments and argues he should be granted a reduction because he would no longer qualify as a career offender. (ECF No. 74 at 2-3.) He also asserts his mother requires 24-hour care. (*Id.* at 4.)

---

[1] According to the Factual Basis underlying Defendant's guilty plea, on or about December 5, 2015, Defendant sold approximately 7.3 grams of cocaine base to a confidential source during a controlled purchase directed by law enforcement. (ECF No. 20 at 1.)

[2] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Mar. 19, 2025) (enter "33601-057" in BOP Register Number field).

The Government opposes a reduction in sentence. It asserts that insofar as Defendant is seeking relief pursuant to the Fair Sentencing Act the arguments are not applicable to the circumstances of his case. (ECF No. 64 at 10.) The Government asserts Defendant raised similar arguments in a previous motion that was rejected by the Court. (*Id.*) The Government argues Defendant's medical conditions are adequately managed in the correctional environment and neither the conditions nor any impact from Covid-19 amount to an extraordinary and compelling circumstance. (*Id.* at 8.) The Government argues a consideration of the factors under § 3553(a) also weighs against any reduction in sentence. (*Id.* at 10-11.)

### III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate release with the BOP, which was denied, (ECF Nos. 64-2, 64-3), and the Government

concedes Defendant has exhausted his administrative remedies. (ECF No. 64 at 4 n.1.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Appointment of Counsel

Within his Supplement to his motion, Defendant asks for the appointment of counsel. (ECF No. 74 at 1.) The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582(c)(1)(A) is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* Defendant makes a general request for the appointment of counsel but does not provide any explanation or reasons in support of his request. Defendant has failed to show a particular need that supports appointing counsel in this matter, and as shown by his filings, he is capable of presenting the reasons he believes relief is warranted. Accordingly, his request for counsel will be denied.

### B. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

1. <u>Intervening Changes in the Law</u>

Defendant first argues the Court should grant his request for compassionate release because of "intervening changes in the law that effect the petitioners present case." (ECF No. 56 at 1.) Defendant argues there have been changes in the law with respect to intent and cites to *Rehaif v. United States*. (*Id.*) He also argues changes in his sentence are supported by application of the First Step Act and the Fair Sentencing Act. In his Supplement he contends he is serving an unusually long sentence because he would no longer qualify as a career offender if sentenced today. (ECF No. 74 at 3.)

Insofar as Defendant refers to changes in the law on intent and cites to *Rehaif*, it appears to be an attack on the validity of his conviction and the argument is not properly before the Court pursuant to 18 U.S.C. § 3582. *See United States v. Davis*, 99 F.4th 647, 656-57 (4th Cir. 2024) (citing *United States v. Ferguson*, 55 4th 262, 269 (4th Cir. 2022)). In any event, he could not show *Rehaif* has any bearing on his conviction. In *Rehaif*, the Court held that for cases prosecuted under 18 U.S.C. § 922(g) the Government must prove a defendant knew at the time of the offense that he belonged to the category of people prohibited from possessing a firearm. *Rehaif*, 588 U.S. at 237. Defendant was not convicted under § 922(g) and any *Rehaif* argument is inapplicable to his circumstances.

In his remaining arguments relating to intervening changes in the law, Defendant asserts the Court should grant a sentence reduction because there have been revisions to the sentencing guidelines applicable to crack cocaine offenses pursuant to the Fair Sentencing Act. He also contends he would no longer qualify as a career offender. Again, to any extent Defendant is attacking the validity of his sentence with these arguments, they are not properly

5

before the Court pursuant to 18 U.S.C. § 3582. However, insofar as Defendant is arguing the changes in the law should be considered in weighing whether to grant a reduction in sentence, the Court will consider Defendant's arguments. *See Davis*, 99 F.4th at 657.

The Fourth Circuit has recognized non-retroactive changes in law may be an extraordinary and compelling reason to support a modification of sentence. *Id.* at 657-58; *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020). Likewise, the Sentencing Commission policy guidelines specify that a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant argues he is entitled to compassionate release because if sentenced today he would face a shorter sentence due to intervening changes in the law pursuant to the Fair Sentencing Act. As the Government asserts, Defendant raised these arguments in a motion previously filed with the Court. (*See* ECF No. 51.) As the Court explained in denying the motion, the provisions of the Fair Sentencing Act relied upon by Defendant affected offenses under 21 U.S.C. § 841(b)(1)(A) and (B), but Defendant was convicted under § 841(b)(1)(C). (ECF No. 53 at 1.) The Court further noted that Defendant was sentenced in 2017, at which time the statutory provisions under the Fair Sentencing Act were already in effect and therefore, Defendant had already received any benefit to which he was entitled. (*Id.*) The Court concluded, therefore, that Defendant "cannot assert a claim under Section 404 of the First Step Act." (*Id.*) To the extent Defendant is now raising those same arguments to suggest

he should be granted a reduction in sentence under § 3582(c)(1)(A), the Court finds that for the reasons stated in its July 8, 2021, Order his arguments lack merit and therefore, do not amount to an extraordinary and compelling circumstance that would support a reduction of sentence under § 3582(c)(1)(A).

Similarly, any assertion he would no longer qualify as a career offender is not persuasive and does not amount to an extraordinary and compelling reason to support a reduction in sentence. Defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a) based on his prior convictions for felony sell/deliver cocaine and felony possession with intent to sell and deliver cocaine. (ECF No. 25, ¶ 23.) Defendant specifically argues his conviction for felony possession with intent to sell and deliver cocaine under N.C. Gen. Stat. § 90-95(a) would no longer qualify as a predicate offense to support his career offender status. However, the Fourth Circuit has concluded that § 90-95(a)(1) qualifies as a controlled substance offense under the sentencing guidelines. *See United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023). Therefore, contrary to his argument, Defendant's conviction for felony possession with intent to sell and deliver cocaine would still qualify as a predicate offense under U.S.S.G. § 4B1.1(a)(3). In addition, Defendant would still be a career offender under U.S.S.G. § 4B1.1 if sentenced today, and his attempt to demonstrate an extraordinary and compelling circumstance on this basis fails.

2. <u>Medical Conditions and Covid-19</u>

Defendant states he suffers from numerous chronic conditions including asthma, hypertension, pre-diabetes, heart conditions, and PTSD and is "living in a penitentiary where the care level is non-existent." (ECF Nos. 56 at 4, 74 at 2.) He says that he had Covid and

7

continues to suffer effects from that infection. (*Id.*) He argues his conditions are "not adequately treated at USP Canaan due to proned [sic] violence and extensive lockdowns due to violence and killings. These measures decrease Richadson['s] ability to workout, utilize the recreation yards, gym etc[.] to be in the position to lower his chances of cardiovascular diseases, such as heart attacks, strokes etc." (ECF No. 74 a 2.)

The Sentencing Commission policy advises that a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). Accordingly, a risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)).

Beyond the subsection addressing a risk from an outbreak or public health emergency, the Sentencing Commission policy advises a defendant's medical circumstances may establish an extraordinary and compelling circumstances when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life

8

expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1) (A-C).

There is no assertion by Defendant, and no suggestion in the record, that Defendant is suffering from a terminal illness. Rather, Defendant's arguments focus on his numerous chronic illnesses, the risk from Covid-19, and his general allegation that the overall quality of care in prison is low. The records undeniably show Defendant has many health issues. Defendant has been diagnosed with asthma, hypertension, Gastro-esophageal reflux disease with bleeding, temporomandibular joint disorder, an enlarged prostate, unspecified chest and abdominal pain, and his blood work indicates he is pre-diabetic. (ECF No. 65 at 40-41, 50.) However, the medical records reflect that Defendant is receiving treatment for his conditions and they appear to be adequately managed in BOP custody. Defendant complains the prison system creates an environment which make it harder to maintain healthful habits, but he does not allege any specific failures with his medical care. The records indicate he is receiving regular treatment for his chronic conditions and has been prescribed medicine for his

9

hypertension and an inhaler for his asthma. (ECF No. 65 at 2, 50.) He has been seen in the medical unit in response to injuries or complaints of pain. (*See*, *e.g.*, *id.* at 12-13, 16, 18, 25.) He received an M.R.I. to ascertain the cause of knee pain and when he complained of abdominal issues he was sent for a colonoscopy. (*Id.* at 11, 13, 63.) He has failed to establish that he requires specialized care that is not being provided or that his conditions, taken alone or together, substantially diminish his ability to provide self-care in prison. U.S.S.G. § 1B1.13(b)(1)(A)-(C).

Some of Defendant's health issues are known to increase the risk of serious illness from Covid-19.[3] However, Defendant has received two doses of the Covid vaccine, and a booster shot, (ECF No. 65-1 at 1-2), which mitigate the risk from the Covid virus. *See*, *e.g.*, *Davis*, 99 F.4th at 655-56. He argues he was previously infected with Covid and continues to suffer from its effects. The records confirm his prior infection, (ECF No. 65 at 3), but there are no indications in the medical records of any ongoing complaints from Covid. In addition, Defendant has failed to show he is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or public health emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D)(i). The general Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[4] U.S. Penitentiary Canaan, where he is incarcerated, currently has only one

---

[3] CDC, https://www.cdc.gov/covid/risk-factors/?CDC_AAref_Val=https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 25, 2025).

[4] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

open case of Covid.[5]  Accordingly, the Court finds Defendant has failed to demonstrate a medical condition or a risk from Covid-19 that amounts to an extraordinary and compelling circumstance warranting a modification of sentence.

    3.    <u>Family Circumstances</u>

Defendant also contends the Court should reduce his sentence because he is needed as a caregiver for his mother.  (ECF No. 74 at 4.)  Defendant asserts his mother suffers from hypertension and Type 2 Diabetes and needs 24-hour care "[t]o help with transitioning in completing daily chores that she's unable to complete by herself.  She needs him to take her to Doctor appointments and help with medications." (*Id.*)  He says she has also suffered a sexual assault and injured her hand and arm which will require surgery, and says he is generally needed to help with "overall disabilities." (*Id.*)

The policy statement issued by the Sentencing Commission recognizes an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for such family member or individual."  U.S.S.G. § 1B1.13(b)(3)(C); *see also United States v. Conley*, No. 24-6174, 2024 WL 3666171, at * 1 (4th Cir. Aug. 6, 2024) (recognizing defendant failed to establish he was "only available caretaker" for his wife); *United States v. Hodges*, No. 5:22CR33-1, 2024 WL 5250528, at * (S.D. W.Va. Dec. 30. 2024) (collecting cases applying "only available caregiver" standard).

Defendant has submitted his mother's medical records which evidence many health challenges including Type 2 diabetes, asthma, chronic back pain, and hyperlipidemia, and indicate she was the victim of a sexual assault.  (ECF Nos. 78-1, 78-2.)  However, nothing in

---

[5] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Mar. 25, 2025.)

the records indicate she is incapacitated and unable to provide self-care. Some of the most recent medical records submitted to the Court indicate "[p]atient feels secure in their home . . . and independently manages personal grooming household chores, including cooking, cleaning and laundry." (ECF No. 78-3 at 16-17.) The report also indicates with respect to her cognitive abilities that she seemed "oriented to person, place and time. Responses appear appropriate and timely to this observer." (*Id.* at 17.) Moreover, Defendant's mother also has two daughters. (ECF No. 25, ¶ 70.) There is no explanation by Defendant as to why these family members cannot provide any care that his mother requires. Consequently, Defendant has failed to show an extraordinary and compelling circumstance based on the need to care for his mother.

### C. 18 U.S.C § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-

sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

With respect to the § 3553(a) factors, Defendant contends that being in prison has "forced him to mature" and he has taken advantage of the opportunity to take courses and educate himself, and also to work on his emotional development. (ECF No. 74 at 4.) He says he learned to "not engage in hostility" and he is not a "danger to public safety or his community." (*Id.*) The Court recognizes Defendant has taken some steps towards rehabilitation by obtaining his GED and taking multiple courses including a release preparation class. (ECF No. 75 at 2-9.) He has also made an effort to address his substance abuse by completing a drug abuse program. (*Id.* at 3.) However, participation in classes to rehabilitate is what is expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.")

A consideration of the § 3553(a) factors overall weighs against a reduction in sentence. In addition to his positive efforts while incarcerated, the BOP records also show Defendant has been cited twice for possession of a sharpened metal weapon. (ECF No. 64-4 at 1.) Moreover, Defendant has a lengthy criminal history including multiple prior felony convictions and numerous misdemeanors convictions including several for misdemeanor assault. In one instance Defendant was released from imprisonment on a felony conviction on December 19, 2010, and committed a new felony offense just two weeks later, on January 2, 2011. (ECF No. 25, ¶¶ 42-43.) Accordingly, the Court determines the § 3553(a) factors,

particularly Defendant's personal history, the need to protect the public, and the need to deter crime, weigh against granting a reduction in sentence. The Court finds that Defendant's current sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing, and a reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 56), and his Supplement to his Motion for Compassionate Release, (ECF No. 74), are **DENIED**.

This, the 9th day of May 2025.

/s/ Loretta C. Biggs
Senior United States District Judge